**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, successor by merger to KEY EQUIPMENT FINANCE INC., <br>                         Plaintiff, <br><br>       v. <br><br> MEDIWELL, INC., <br><br>                     Defendant. | Case No. <br><br><br> **COMPLAINT** |

Plaintiff KeyBank National Association, the successor by merger to Key Equipment Finance Inc., by and through its undersigned counsel, hereby submits this Complaint against Defendant Mediwell, Inc. and in support thereof avers as follows:

## PARTIES

1.      Plaintiff KeyBank National Association ("KeyBank") is a nationally chartered bank with its main office, as designated in its articles of association, at 127 Public Square, Cleveland, Ohio 44114 and is the successor by merger to Key Equipment Finance Inc.  Pursuant to 28 U.S.C. § 1348, KeyBank is a citizen of the State of Ohio.

2.      Defendant Mediwell, Inc. ("Mediwell") is a business organized and existing pursuant to the laws of the State of Texas, with its principal place of business at 5334 W. Vickery Boulevard, Fort Worth, Texas 76107.  Accordingly, Mediwell is a citizen of the State of Texas.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists.

4.    This Court has personal jurisdiction over Mediwell by consent.

5.    Venue is proper in this district because KeyBank does business in New York County.

## FACTUAL ALLEGATIONS

### *Lease Agreement One*

6.    On October 17, 2014, KeyBank and Mediwell entered into Lease Agreement 1800097756 ("Lease Agreement 1"), in which KeyBank financed Mediwell's purchase of durable equipment in exchange for thirty-five (35) monthly payments of $2,798.93.  A true and correct copy of Lease Agreement 1 is attached as Exhibit A.

7.    On or about December 22, 2014, Mediwell defaulted on Lease Agreement 1 by failing to make timely repayments.

8.    On May 12, 2015, KeyBank informed Mediwell that Lease Agreement 1 was in default; all past due, current, and future obligations were accelerated; and $87,521.58 was due within ten days.  A true and correct copy of KeyBank's letter is attached as Exhibit B.

9.    On October 29, 2015, KeyBank informed Mediwell that a deficiency balance of $86,401.05 was due and owing on Lease Agreement 1.  A true and correct copy of KeyBank's letter is attached as Exhibit C.

10.    To date, the $86,401.05 deficiency balance on Lease Agreement 1 remains unpaid.

11.     Lease Agreement 1 requires Mediwell to pay all costs of collection, "including contingency fees and reasonable lawyer fees[] in all proceedings[.]"  Exh. A, ¶ 2.

### *Lease Agreement Two*

12.     On January 12, 2015, KeyBank and Mediwell entered into Lease Agreement 1800099788 ("Lease Agreement 2"), in which KeyBank financed Mediwell's purchase of durable medical equipment in exchange for thirty-six (36) monthly payments of $5,599.12.  A true and correct copy of Lease Agreement 2 is attached as Exhibit D.

13.     On or about February 20, 2015, Mediwell defaulted on Lease Agreement 2 by failing to make timely repayments.

14.     On May 12, 2015, KeyBank informed Mediwell that Lease Agreement 2 was in default; all past due, current, and future obligations were accelerated; and $202,723.20 was due within ten days.  A true and correct copy of KeyBank's letter is attached as Exhibit E.

15.     On October 29, 2015, KeyBank informed Mediwell that a deficiency balance of $199,867.67 was due and owing on Lease Agreement 2.  A true and correct copy of KeyBank's letter is attached as Exhibit F.

16.     To date, the $199,867.67 deficiency balance on Lease Agreement 2 remains unpaid.

17.     Lease Agreement 2 requires Mediwell to pay all costs of collection, "including contingency fees and reasonable lawyer fees[] in all proceedings[.]"  Exh. D, ¶ 2.

### *Lease Agreement Three*

18.     On March 19, 2015, KeyBank and Mediwell entered into Lease Agreement 1800086899 ("Lease Agreement 3"), in which KeyBank financed Mediwell's purchase of durable

medical equipment in exchange for twenty-seven (27) monthly payments of $3,172.17.  A true and correct copy of Lease Agreement 3 is attached as Exhibit G.

19.     On or about April 22, 2015, Mediwell defaulted on Lease Agreement 3 by failing to make timely repayments.

20.     On May 12, 2015, KeyBank informed Mediwell that Lease Agreement 3 was in default; all past due, current, and future obligations were accelerated; and $85,957.20 was due within ten days.  A true and correct copy of KeyBank's letter is attached as Exhibit H.

21.     On October 29, 2015, KeyBank informed Mediwell that a deficiency balance of $85,005.56 was due and owing on Lease Agreement 3.  A true and correct copy of KeyBank's letter is attached as Exhibit I.

22.     To date, the $85,005.56 deficiency balance on Lease Agreement 3 remains unpaid.

23.     Lease Agreement 3 requires Mediwell to pay all costs of collection, "including contingency fees and reasonable lawyer fees[] in all proceedings[.]"  Exh. G, ¶ 2.

## FIRST COUNT
## BREACH OF CONTRACT

24.     KeyBank incorporates by reference the previously stated paragraphs, as if set forth at length herein.

25.     Lease Agreements 1, 2, and 3 (collectively, "Lease Agreements") are valid and enforceable contracts between KeyBank and Mediwell.

26.     KeyBank performed all of its obligations pursuant to the Lease Agreements.

27.     Mediwell defaulted on its contractual obligations under the Lease Agreements when it failed to make timely monthly repayments.

28.     To date, the combined deficiency balance of $371,274.28 on the Lease Agreements remains unpaid.

29.     Mediwell is liable to KeyBank for the combined deficiency balance of $371,274.28.

30.     Mediwell is also liable to KeyBank for the costs of collection, including reasonable attorneys' fees, pursuant to the terms of the Lease Agreements.

**WHEREFORE,** Plaintiff KeyBank National Association demands judgment against Defendants Mediwell, Inc. for $132,314.81 in addition to reasonable attorneys' fees and costs and such other relief as the Court deems equitable and just.

Respectfully submitted,
**WONG FLEMING**

Dated: January 14, 2016            By:  /s/ Daniel C. Fleming
                                        Daniel C. Fleming
                                        Ian S. Clement
                                        821 Alexander Road, Suite 200
                                        Princeton, New Jersey 08540
                                        Tel. (609) 951-9520
                                        Fax (609) 951-0270
                                        Email: dfleming@wongfleming.com
                                        *Attorneys for KeyBank National Association*